## Ellenberger v. Berryman et al., Commissioners

*H. Gilmore Schmidt* and *Wray G. Zelt, Jr.*, for petitioner.

*David Weiner*, for defendants.

PER CURIAM, October 24, 1936.—Plaintiff, after having been registered as an elector in the First Precinct of the Third Ward of Washington, a third class city, removed his residence on or about April 29, 1936, to the third precinct of the seventh ward of the same city. On September 4, 1936, he presented at the office of the commission an application, in the form prescribed by section 23 of The Permanent Registration Act in Cities of the Third Class of July 1, 1935, P. L. 478, duly filled up and signed by him, for a transfer of his registration from the district of his former residence to that of his new residence. This application having been refused, he sued out a writ of mandamus to compel the making of such transfer. To the alternative writ of mandamus a return has been made, not denying the facts averred by plaintiff but denying as matter of law that, upon those facts, plaintiff is presently entitled to the transfer sought by him, and stating that "the defendants are willing to transfer the voting registration card of the plaintiff from his former address to his present address, to be effective at any election and primary after the election of November 3, 1936." This return was demurred to in open court by plaintiff.

Under the amendments which have been made to sections 1 and 7 of article VIII of the Constitution (Act of June 4, 1901, P. L. 427), the right of a citizen possessing the other constitutional qualifications who has resided for two months within an election district of a city to vote therein is explicitly subjected "to such laws requiring and regulating the registration of electors as the General Assembly may enact" for cities of the class of the one in which he resides; and the legislature is given a free hand

in the matter of requiring, and prescribing regulations to govern, such registration; provided, of course, that it confines itself to reasonable regulation, and does not throw such obstacles in the way of voting as to amount to a practical deprivation of the right of suffrage. Therefore, in our opinion, this case turns upon the proper interpretation to be given to sections 23 and 24 of the Act of 1935 concerning registrations in cities of the third class, those sections being the ones that deal with the subject of alterations or transfers of registration when a registered elector has changed his residence to another location within the city.

Plaintiff claims to be entitled to have his registration transferred in accordance with the directions contained in section 24(b) of the act; defendants claim that the language of one sentence contained in section 23 requires that the transfer asked for shall not be made at a time that would cause it to be effective as to the election of November 3, 1936.

The precise question raised as to the effect of the Act of 1935 has been decided by the Court of Common Pleas of Delaware County in a case entitled In re King, 27 D. & C. 532. We have procured a copy of the court's opinion in that case, and we find that it has very fully discussed these questions, reaching the conclusion that, upon a state of facts analogous to those of the present case, the elector was entitled to have the transfer of registration made. We approve and adopt the reasoning of that opinion upon the questions involved in the instant case, and are led thereby to reach a similar result.

And now, October 24, 1936, after argument, the demurrer to the return of defendants is sustained, and judgment is directed to be entered in favor of plaintiff, with costs; and a writ of peremptory mandamus is awarded directing defendants, composing and acting as the registration commission, forthwith to transfer the registration affidavit and registration of plaintiff from the district register for the First Precinct of the Third Ward of

the City of Washington, Pa., to the district register for the third precinct of the seventh ward of the same city, and to make such change as may be incidentally necessary in the general register of the city aforesaid.

### *Memorandum*

As no question has been raised by counsel regarding the practice followed in this case, and counsel on both sides have joined in submitting to the court, upon the arguments by them made, the question that is to be decided, doing so under the form of proceeding that has been used in this instance, we have not stopped to consider whether the particular case stated in the petition for mandamus comes within the words of section 36 of the Act of 1935, or whether the form of the proceeding should be an appeal rather than a mandamus action. This is merely a question as to the form in which the matter should be brought before the court, and both sides have assented to and asked for a determination of the merits of the controversy, under the form which they have mutually followed.

From Harry D. Hamilton, Washington.